AO 91 (Rev. 11/11)  Criminal Complaint

United States Courts
Southern District of Texas
**FILED**

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

April 13, 2022

Nathan Ochsner, Clerk of Court

| United States of America | ) |
|---|---|
| v. | ) |
| Claudio Jeovanni Padilla a.k.a. "Hector Luis Figueroa" | ) Case No. **4:22-mj-843** |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  9/17/2014 and 10/15/2021  in the county of  Harris  in the  Southern  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1542 | False Statement in Application and Use of Passport (10 year statute of limitations per 18 U.S.C. §3291) |
| 18 U.S.C. § 1028A | Aggravated Identity Theft |
| 18 U.S.C. § 911 | False Personation - United States Citizen |
| 8 U.S.C. § 1326 | Reentry of Removed Alien |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_Special Agent Andrew Muir_
Printed name and title

Sworn to before me and signed in my presence.

Date: 04/13/2022

_US Magistrate Judge Yvonne Y. Ho_
Printed name and title

City and state:  Sworn telephonically at Houston, Texas

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Special Agent Andrew Muir, being duly sworn, deposes and states the following:

1. I am a Special Agent with the Diplomatic Security Service (DSS) and have been since May 2020. I completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, including training on the preparation, presentation and service of federal search warrants and the collection of evidence. I also completed the DSS Basic Special Agent Course at the Foreign Affairs Security Training Center in Blackstone, Virginia, where I received further training on the investigation of passport and visa crimes.

2. As a DSS Special Agent I have training in the preparation, presentation, and service of criminal arrest and search warrants, and have been involved in the investigation of offenses against the United States, including fraud and related activity in connection with, passport, visa, and identity fraud. I have sworn to and executed federal search warrants related to these offenses. I am authorized to conduct criminal investigations into these offenses by 22 U.S.C. §2709.

3. I have been assigned to the Houston Field Office since April 2021 where my duties are focused on criminal investigations to protect the homeland and integrity of U.S. travel documents to prevent harm to the United States and its citizens from criminal and terrorist activity.

4. Prior to my employment at DSS, I was a City of Madison, Wisconsin, Police Officer from October 2013 to May 2020. I investigated hundreds of crimes and made more than one hundred felony and misdemeanor arrests. I have participated in the execution of search warrants. I have participated in searching and managing crime scenes, including for many violent crimes and homicides, and personally collected physical, digital and documentary evidence. I have conducted

many custodial and non-custodial interviews of suspects, arrestees, witnesses and victims. I have participated in intelligence gathering for and the organization of major criminal investigations.

## OVERVIEW OF INVESTIGATION

5. The U.S. Department of Homeland Security (DHS), Transportation Security Administration (TSA) manages a program which issues Transportation Worker Identification Cards (TWIC). TWIC Cards enable the bearer to access the secure areas of critical transportation infrastructure such as ports and military bases without an escort.

6. As part of an application for a TWIC Card, the TSA conducts records checks, background investigations, and other vetting of all TWIC applicants.

7. In the instant case, TSA vetting identified that the **Subject** (later identified as Claudio Jeovanni Padilla) applied for a TWIC card in the name of a person who is currently serving a life sentence in prison. The TSA vetting thus identified concerns reference the **Subject's** identity. Because the **Subject** applied for the TWIC card with a U.S. Passport in the name of the incarcerated individual, the TSA referred the case to the Diplomatic Security Service (DSS) to investigate.

8. The breadth and scope of my investigation, conducted in partnership with the TSA Investigations Division, revealed that the **Subject,** a Salvadoran citizen named Claudio Jeovanni Padilla, obtained the identity of the living True Identity (True ID), Hector Luis Figueroa, and committed the offenses herein described through the use of the assumed "Figueroa" identity and the means of identification thereof in various interactions with the United States of America, and its agencies, facilitating his fraudulent acquisition of U.S. Passports and enduring presence in the United States after his deportation.

9. To obtain a United States passport, the applicant must be a United States citizen and legally entitled to a United States passport. The applicant must show proof of identity and United States citizenship at the time of application. According to the United States Department of State regulations, (contained in 22 C.F.R. Part 51), a passport applicant is required to submit a passport application and to truthfully answer all questions and state every material matter or fact pertaining to his or her eligibility for a passport. All information and evidence submitted in connection with a passport application is considered part of the application. Before submitting the United States passport application, the applicant must read the following statement:

> I declare under penalty of perjury all of the following 1) I am a citizen or non-citizen national of the United States and have not, since acquiring U.S. citizenship or nationality, performed any of the acts listed under the "Acts of Conditions" on page four of the instructions of this application (unless explanatory statement in attached); 2) the statements made on the application are true and correct; 3) I have not knowingly and willfully made false statements or included false documents in support of this application; 4) the photograph attached to this application is a genuine, current photograph of me; and 5) I have read and understood the warning on page one of the instructions to the application form.

After reading this statement, the applicant must sign his/her name in the space provided immediately under the statement, thus swearing and affirming that all information on the application is true and correct and that they understood the warning. It is only after the applicant signs the form that the application is accepted for processing.

## BACKGROUND: THE TRUE IDENTITY

10. On May 29, 1966, a child was born to Hector Luis Figueroa and Nereida Benitez in Fajardo, Puerto Rico. That child was named Hector Luis Figueroa Benitez (Henceforth the "True ID"). The True ID's birth was confirmed to DSS by the Puerto Rico Department of Health on Verification 2022-2. The True ID, by nature of his birth in Puerto Rico, is a United States Citizen.

11. On October 7, 2004, the True ID was arrested in Florida and charged with premediated homicide. On November 9, 2006, the True ID was sentenced to life in prison for 1st degree homicide in the State of Florida. On December 13, 2006, the True ID was initially received by the Florida Department of Corrections. The True ID remains incarcerated in the custody of the Florida Department of Corrections pursuant to his life sentence.

## BACKGROUND: SUSPECT IDENTITY

12. I, the Affiant, believe, based on the information described below, that the **Subject** is in fact a Salvadoran citizen named Claudio Jeovanni Padilla, born November 3, 1968 in San Salvador, El Salvador.

13. TSA vetting pursuant to the **Subject's** TWIC application identified that he was married to Andrea Padilla.

14. Andrea Padilla's passport application (#131933602) dated 4/22/1996 indicates that she married Claudio Jeovanni Padilla on May 23, 1985. It further notes that Padilla was born in San Salvador, El Salvador.

15. DSS investigators, assigned to Overseas Criminal Investigations (OCI) at the U.S. Embassy in San Salvador, identified a birth certificate in the civil registry of the municipal mayoralty of San Salvador. This unnumbered certificate indicates that Claudio Jeovanni was born to Rosa Lilian Padilla on November 3, 1968 in San Salvador, El Salvador.

16. The DSS OCI office further identified a Salvadoran National Identity document ("DUI" in Spanish), number 03503262-6. This document was issued in March, 2009. It is in the name of Claudio Jeovanni Padilla, and also indicates a November 3, 1968 birth in San Salvador.

17. The DUI bears a photograph which resembles the **Subject's** numerous Texas Driver's License and Passport photographs in the name of Hector Luis Figueroa. The DUI also contains

Claudio Jeovanni Padilla's fingerprints. The **Subject's** listed address is currently owned by a Jeovanni Enrique Padilla.

18. In records maintained by the Texas Department of Public Safety, Jeovanni Enrique Padilla listed his father's last name as "Padilla."

19. State of Texas Certificate of Birth #124A279007 lists Jeovanni Enrique Padilla as the son of Andrea Lee Reeves (maiden surname) and Claudio Jeovanni Padilla, born "03/11/1968" in El Salvador. The name "Jeovanni Enrique Padilla" bears a resemblance to the father's name.

20. As will be further described below, the **Subject,** using the name "Hector Luis Figueroa" submitted fingerprints with his 2021 application for a TWIC card.

21. The **Subject**, again in the name "Hector Luis Figueroa," was arrested by the Memphis Police Department (booking #09143706) on 11/12/2009. He was charged with patronizing prostitution and fingerprinted by the police. This arrest occurred after the True ID was incarcerated for life in Florida.

22. Customs and Border Protection (CBP) analysists in Houston, Texas compared the fingerprints from the Salvadoran DUI (as Claudio Jeovanni Padilla) and the TWIC application and Memphis arrest of "Hector Luis Figueroa." The CBP analysis confirmed that the fingerprints from these three samples were made by the same person.

## CHRONOLOGY OF EVENTS

23. Department of State records show that the **Subject** first applied for a U.S. passport in 1999. Department of State records show that on January 29, 1999, the **Subject** submitted DS-11, Application for U.S. Passport, #132943590 to a passport agent in Pasadena, Texas. In that application, the **Subject** claimed his name was "Hector Luis Figueroa" and his date of birth was May 29, 1966. The **Subject** further claimed his father was "Hector Figueroa" and his mother was

5

"Nereida Benitez." The **Subject** listed dates of birth for the parents which differ from the dates of birth listed on the parents' own Puerto Rico birth verifications. The **Subject** listed his mother's date of birth as "03-11-1962," which bears some resemblance to his own date of birth and is also incompatible with his own date of birth just over four years later.

24. Department of State records show that as a result this application, the **Subject** was issued a valid U.S. Passport in the name of Hector Luis Figueroa.

25. Department of State records show the **Subject** then filed a second passport application in 2014. On September 17, 2014, the **Subject**, purporting to be "Hector Luis Figueroa" signed DS-11, Application for a U.S. Passport, #791311172 and executed it a the now-closed Barbara Jordan Post Office in Houston, Texas. This is within the jurisdiction of this Court. The **Subject** listed his current residence at 7502 Greenstone Street, Houston, Texas as his mailing address. The **Subject** stated he married Andrea Lee Padilla on 05/23/1989.

26. In executing this application, the **Subject** willfully and knowingly made a false statement in an application and induced the United States Government to issue a passport under its authority for his own use, contrary to the laws regulating the issuance of passports.

27. On October 15, 2021, the **Subject,** using the name Hector Luis Figueroa, applied for a TWIC card. He did so in person at a U.S. Government contractor located at 3262 S Loop W, Houston, Texas. This address is located within the jurisdiction of this Court. The **Subject's** TWIC application was assigned Transaction ID UBF8JY8YRF. The **Subject** identified himself as Hector Luis Figueroa, born 05/29/1966 in Puerto Rico. During this application, the **Subject** was fingerprinted, as discussed above.

28. The **Subject** also provided U.S. Passport (number ending –8083) in the name of Hector Luis Figueroa. This Passport was issued as a result of the **Subject's** 2014 application (Count 1).

This Passport was scanned in full color during the TWIC application. In presenting this passport, which based on the **Subject's** fraudulent application, the **Subject** willfully and knowingly used a passport the issuance of which was secured in any way by reason of a false statement. In each instance described above, the **Subject** used the True ID's means of identification, namely the True ID's name, date of birth, place of birth, and parents' names.

29. The True ID was incarcerated at the time of the **Subject's** 2014 Passport Application and 2021 TWIC Application. The **Subject** could not have obtained any lawful authority to use the True ID's means of identification.

30. In the circumstances described above, the **Subject** declared to the United States of America under penalty of perjury that he was in fact "a citizen or non-citizen national of the United States..." The **Subject** further declared that he was born in Puerto Rico. In doing so, he made a claim to United States citizenship under Section 1402 of Title 8, which states in relevant part that: "All persons born in Puerto Rico on or after January 13, 1941, and subject to the jurisdiction of the United States, are citizens of the United States at birth."

31. Again, the **Subject** has been identified as a Salvadoran citizen who has not naturalized as a U.S. Citizen.

32. Three separate sets of the **Subject's** fingerprints were submitted to the Customs and Border Protection (CBP) Forensic Laboratory for comparison. Two sets fingerprints were submitted by the **Subject** using the name Hector Luis Figueroa.

    a. One (1) FD-249 bearing the name Hector Figueroa and dated November 13, 2009.

    b. One (1) "Certificacion de DUI" from El Salvador bearing the name Claudio Jeovanni PADILLA, issued March 4, 2004, and having two fingerprints.

7

    c. One (1) set of TWIC Fingerprints, dated October 15, 2021, and having a full set of fingerprints.

33. On February 4, 2022, CBP Forensic Laboratories determined all fingerprints submitted belonged the same individual.

## ADDITIONAL INFORMATION

34. Homeland Security Investigations Special Agent Jacqueline Irwin informed me of the following:

35. On April 11, 2022, a copy of the **Subject's** fingerprints, which were obtained from his Alien Registration File A#028304231, were sent to the CBP Forensic Laboratories for comparison to the fingerprints previously submitted.

36. Based upon the information from HSI's records as described below and based on SA Irwin's training and experience as relayed to me, I submit that there is probable cause to believe that the **Subject** is in violation of Title 8 U.S.C. 1326(a) and (b)(l).

    d. Element One: The **Subject** is a citizen and national of El Salvador and not a native, citizen or national of the United States.

    e. Element Two: The **Subject** has previously been deported or removed from the United States on the following occasions:
        i. August 21, 1987 via Houston, Texas
        ii. May 19, 1994 via Houston, Texas

    f. Element Three: As discussed above, on October 15, 2021, the **Subject** submitted his fingerprints in support of an application for the TWIC card, under the identity of Hector Luis Figueroa, in Houston, Texas, which is within the Southern District of Texas.

    i. Also on April 13, 2022, after his deportation, the **Subject** told a TSA Special Agent via phone that he resides in Houston, Texas, and would be returning to his residence there on April 14, 2022. His residence is within the Southern District of Texas.

    ii. Special Agent Irwin consulted with Immigration and Customs Enforcement's ("ICE") Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the **Subject's** last deportation, the **Subject** had been encountered by law enforcement.

    iii. On April 13, 2022 the LESC advised SA Irwin that it had no record of such an encounter.

g. <u>Element Four</u>: The **Subject** did not have permission to reenter the United States. On April 11, 2022, SA Irwin reviewed the contents of the Alien File associated with this **Subject** and available computer databases. She found no indication that the **Subject** has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.

## **CONCLUSION**

37. Based upon the forgoing, I submit that there is probable cause to believe that the **Subject** committed violations of 18 U.S.C. § 1542, 18 U.S.C. § 1028A, 18 U.S.C. § 911, and 8 U.S.C. § 1326.

    Respectfully submitted,

    *[signature]*
    _____
    Andrew B Muir
    Special Agent
    Diplomatic Security Service
    U.S. Department of State

Electronically submitted and telephonically sworn on the 13th day of April, 2022 and I find probable cause.

_____
THE HONORABLE YVONNE Y. HO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF TEXAS